UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOME SAVING OF AMERICA,

    Plaintiff,

    v.

THOMAS MILLER,

    Defendant.

_____/

No. C 11-0089 PJH

**ORDER GRANTING MOTION TO REMAND**

    Before the court is the motion of plaintiff Home Savings of America ("Home Savings") for an order remanding the above-entitled action to the Superior Court of California, County of Alameda. Defendant Thomas Miller filed no opposition to the motion within the time allowed under Civil Local Rule 7-3. The court finds that the motion must be GRANTED.

    A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (doubts as to removability are resolved in favor of remanding case to state court).

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The complaint at issue, which was filed in Alameda County Superior Court on October 19, 2010, alleges a single cause of action under state law, for unlawful detainer following a non-judicial foreclosure sale in September 2010. The complaint further alleges that on October 7, 2010, Home Savings served defendant with written notice to vacate the premises. The caption of the complaint states, "Demand of Complaint Does not Exceed $10,000." In the prayer for relief, Home Savings seeks "restitution and possession of the property," "costs of suit," and "such other and further relief as the Court may deem proper."

On January 7, 2011, defendant filed a notice of removal, asserting federal question jurisdiction. Defendant alleges that federal question jurisdiction exists because his demurrer in state court "depend[s] on the determination of [d]efendant's rights and [p]laintiff's duties under federal law."

In the present motion, Home Savings argues that defendant has not met his burden of establishing that this court has federal question jurisdiction. Home Savings asserts that because the existence of federal question jurisdiction depends on the claims for relief asserted in the complaint, and because the complaint in this action alleges only a single cause of action for unlawful detainer, seeking possession of the subject property, no question of federal law exists.

Under 28 U.S.C. § 1447(c), the district court is required to remand state law claims where the court lacks removal jurisdiction – that is, where there is no federal question or diversity jurisdiction. Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936

(9th Cir. 2003). Subject matter jurisdiction is fundamental and cannot be waived. <u>Billingsly v. C.I.R.</u>, 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. <u>See</u> <u>Chen-Cheng Wang ex rel. United States v. FMC Corp.</u>, 975 F.2d 1412, 1415 (9th Cir. 1992).

In ruling on a motion to remand for lack of subject matter jurisdiction, the court looks only to the face of the complaint. <u>See</u> <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 n.2 (9th Cir. 1998); <u>see also</u> <u>Harris v. Bankers Life and Cas. Co.</u>, 425 F.3d 689, 692-93 (9th Cir. 2005). Here, the court finds no federal question pled in the unlawful detainer action. Nor does the amount in controversy in the unlawful detainer action exceed $75,000. Accordingly, as the court lacks subject matter jurisdiction, the case must be remanded to the Alameda County Superior Court.

The date for the hearing on the motion, previously set for Wednesday, March 16, 2011, is VACATED.

**IT IS SO ORDERED.**

Dated: March 3, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge